THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee *v.* ANTONIO SÁNCHEZ BONILLA, Defendant and Appellant.

No. 7965. Argued January 12, 1940.—Decided January 25, 1940.

*José. L. Cancio,* for appellant. *R. A. Gómez, Prosecuting Attorney,* and *Luis Janer, Assistant Prosecuting Attorney,* for appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the Court.

Antonio Sánchez Bonilla was convicted of a violation of Section 7 of "An Act to regulate the sale of firearms in Puerto Rico; to order their declaration, however they may be possessed; to prohibit the delivery thereof to certain persons; to impose penalties, and for other purposes," approved

July 8, 1936 (Third Special Session, 128) as amended in 1937 (Laws, p. 231). He submits that the district court erred:

"In overruling a demurrer to the effect that the information did not charge an offense.

"In expanding Section 7 by construction.

"In convicting defendant."

 Section 7 as amended reads in part as follows:

"Every person who, for any reason, has any firearm in his possession when this Act takes effect, shall be obliged so to declare, in writing, not later than the thirtieth day after the day on which is made the last publication of the edicts provided for in Section 9 of this Act, to the chief of the Insular Police of the district where he resides. Likewise, every person obtaining in any manner the control or possession of any firearm after this Act is in force shall be obliged so to declare, in writing, to the chief of the Insular Police of the district where he resides."

Section 10 makes a violation of the provisions of the Act a misdemeanor.

The information charges that Sánchez, on or about February 11, 1939, willfully and unlawfully had in his possession a revolver without having declared the same in writing to the District Chief of Police of Aguada where Sánchez resided.

The theory of appellant is that Section 7 defines two offenses: first, the possession of a firearm at the time when the law as amended took effect, May 12, 1937, without having declared it within thirty days after publication of the edicts indicated in Section 9; and, second, "obtaining in any manner the control or possession of any firearm" after the Act took effect, without having declared it. The contention is that—since the information does not charge that defendant had obtained possession or control of the firearm in a specified manner, but followed the language of the statute in defining the first of the two offenses, it was an attempt to

charge that offense—and, since it did not charge possession on May 12, 1937, when the Act took effect without having declared it within the statutory period, it did not state an offense. We cannot concur in this view.

Section 7 might have been more happily worded. The meaning, however, is not obscure. It does not define two offenses. It does not define any offense. It makes it the duty of every person possessing a firearm—whether such person be in possession thereof at the time when the Act takes effect or whether he obtains possession or control thereof at any time thereafter—to do but one thing. Section 10 makes the nonperformance of that duty an offense. The gist of the offense is the possession of the firearm and the failure to declare it in writing to the proper district chief of the insular police. The time at which possession was obtained is not an essential element of the offense. It was never more than a collateral fact upon which defendant's right to a thirty day period within which to declare the firearm depended. This, *mutatis mutandi,* is but a paraphrase of what was said by the Circuit Court of Appeals, Tenth Circuit, in *Crapo* v. *United States,* 100 F. (2d) 996, 1000.

By the terms of Section 7, as originally enacted, the possessor, at the time the Act should take effect, was to have thirty days from that date within which to declare his possession. No such privilege was conferred upon anyone who might obtain possession or control of a firearm after the date upon which the Act should go into effect. The reasons for this distinction were discussed by this Court in *People* v. *Avilés,* 54 P.R.R. 257. The effect of the 1937 amendment was to extend the period within which the possessor of a firearm at the time when the Act should take effect might declare such possession. Since the expiration of this extended period, the statutory distinction between persons in possession of firearms at the time when the Act took effect and

those who might thereafter obtain the firearms has become for most, if not all practical purposes, a distinction without a difference.

We find no error in the overruling of the demurrer,

For the same or similar reasons, the district court did not err in its construction of Section 7 of the law.

 The information charged a violation of Section 7 of Act No. 14, approved July 8, 1936, "To regulate the sale of firearms in Puerto Rico; to order their declaration, however they may be possessed; to prohibit the delivery thereof to certain persons; to impose penalties, and for other purposes," as amended by Act No. 95 of 1937. The district judge found defendant guilty of the offense charged in the information "consisting of a violation of Section 7 of Act No. 17 of July 8, 1936, as amended by Act No. 95 of May 12, 1937". The third assignment is based on the mistaken reference in the judgment to "Act No. 17 of July 8, 1936", instead of Act No. 14 of that year. Obviously, this was a mere *lapsus linguae* on the part of the district judge or else a clerical mistake on the part of the clerk or stenographer.

Appellant cites:

*People* v. *Campos,* 17 P.R.R. 1144, 1147; *People* v. *Fernández,* 19 P.R.R. 107; *People* v. *Seda & Font,* 34 P.R.R. 202.

We think the case should be governed rather by:

*People* v. *Alvarez,* 21 P.R.R. 80; *People* v. *Pérez,* 24 P.R.R. 8; *People* v. *Trinidad,* 24 P.R.R. 826; *People* v. *Bauzá,* 34 P.R.R. 420; *People* v. *Cruz,* 53 P.R.R._____.

The judgment will be modified accordingly and, as modified, affirmed.